NOT DESIGNATED FOR PUBLICATION

Nos. 125,413
125,414

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

FRANCISCO V. ROBLES,
*Appellant*.

MEMORANDUM OPINION

Appeal from Sedgwick District Court; CHRISTOPHER M. MAGANA, judge. Opinion filed January 6, 2023. Affirmed.

Submitted by the parties for summary disposition under K.S.A. 2021 Supp. 21-6820(g) and (h).

Before MALONE, P.J., HURST and COBLE, JJ.

PER CURIAM: Francisco V. Robles appeals the revocation of his probation and imposition of his underlying sentences in two cases. This court granted Robles' motion for summary disposition of his appeal under Supreme Court Rule 7.041A (2022 Kan. S. Ct. R. at 48). After reviewing the record, we find no abuse of discretion and affirm.

FACTUAL AND PROCEDURAL BACKGROUND

Robles pled guilty to one count of criminal damage to property in both 21CR1831 and 21CR1953. The district court sentenced Robles to consecutive 8-month prison terms, for a total of 16 months' imprisonment, but granted probation for 60 months.

1

The district court later held a hearing to address the probation violations in 21CR1831 and 21CR1953, and a third case not involved in this appeal, and for sentencing in a new criminal case, 22CR531. At the hearing, the district court found that Robles had violated the terms of his probation by pleading guilty in 22CR531 to two felony counts of arson and one felony count of possession with intent to use. The parties recommended reinstatement of probation. The district court denied the recommendations, revoked Robles' probation in each case, and ordered him to serve the total 16 months' imprisonment in 21CR1831 and 21CR1953.

Robles appeals from the revocation of his probation in 21CR1831 and 21CR1953. The cases have been consolidated on appeal.

ANALYSIS

On appeal, Robles claims the district court abused its discretion in revoking his probation and ordering him to serve the 16-month prison term. A district court's decision to revoke probation usually involves two steps: (1) a factual determination that the probationer has violated a condition of probation; and (2) a discretionary determination of the appropriate disposition given the proved violations. *State v. Skolaut*, 286 Kan. 219, 227, 182 P.3d 1231 (2008). The standard of review for a district court's decision to revoke probation is an abuse of discretion. *State v. Hurley*, 303 Kan. 575, 580, 363 P.3d 1095 (2016). "In general, a district court abuses its discretion by issuing an order that is (1) arbitrary, fanciful, or unreasonable; (2) based on an error of law; or (3) based on an error of fact." *State v. Logsdon*, 304 Kan. 3, 27, 371 P.3d 836 (2016). The party asserting the district court abused its discretion bears the burden of showing such abuse of discretion. *State v. Crosby*, 312 Kan. 630, 635, 479 P.3d 167 (2021).

When a district court decides to revoke probation and orders a defendant to serve an underlying sentence, K.S.A. 2021 Supp. 22-3716 applies as a framework for the

2

court's decision. Typically, a district court must impose intermediate sanctions before revoking a defendant's probation. See K.S.A. 2021 Supp. 22-3716(c)(1). But a district court may revoke probation without first imposing intermediate sanctions if "the offender commits a new felony or misdemeanor while the offender is on probation, assignment to a community correctional services program, suspension of sentence or nonprison sanction." K.S.A. 2021 Supp. 22-3716(c)(7)(C).

Robles committed three new felonies while on probation in 21CR1831 and 21CR1953—a clear violation of the terms of his probation under K.S.A. 2021 Supp. 22-3716(c)(7)(C). Although Robles acknowledges that a district court may revoke a defendant's probation after a condition of that probation has been violated—he still argues that the district court abused its discretion. Aside from his conclusory statement to the contrary, Robles cites no fact or law explaining why K.S.A. 2021 Supp. 22-3716(c)(7)(C) should not apply and how the district court did not act within its sound discretion. As a result, Robles fails to show that the district court's action stemmed from an error of law or fact or was otherwise arbitrary, fanciful, or unreasonable.

Our review of the record shows that the district court acted within its discretion and within the applicable guidelines set forth in K.S.A. 2021 Supp. 22-3716(c)(7)(C) when it revoked Robles' probation in both cases and imposed his underlying sentences. Roble has failed to show that the district court abused its discretion.

Affirmed.